UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA,          )
                                   )
            v.                     )   Civ. No. 1:11mj877
                                   )
JEFFREY D. COOPER,                 )
        Defendant.                 )

MEMORANDUM OPINION

This matter comes before the Court on Defendant's Motion to Suppress Evidence (Dkt. 8). On March 13, 2012 the undersigned Magistrate Judge held an evidentiary hearing and gave the parties the opportunity to file supplemental memoranda thereafter. The Court has reviewed the pleadings, and for the reasons set forth below denies defendant's Motion.

I. FACTS

The facts before the Court are largely undisputed. On August 20, 2011 at 9:24 a.m., the defendant was standing by his motorcycle near the intersection of Breckenridge and Russell Roads, an area on Marine Corps Base Quantico adjacent to Interstate 95.[1] Marine Corps Police Officer James Ezzell, who testified at the March 13 hearing, saw the defendant from his car and pulled in behind him for a "courtesy check." According

---
[1] Though part of the Quantico installation, this location is outside the Quantico gates, and there are no signs indicating that a person is on the base.

1

to the Officer, it is common to find motorists pulled over at this spot who are lost or experiencing difficulties on the nearby interstate.

Before approaching defendant, the Officer radioed in the license plate number from the defendant's motorcycle. He testified that this is a common safety precaution taken by officers any time they engage with a motorist. While he was entering the license plate numbers, the defendant approached the police cruiser in what the Officer described as an aggressive manner. The Officer instructed him to retreat, and the defendant complied.

The Officer then exited the police cruiser and approached the defendant. He testified that the defendant was obviously not military in appearance. He also appeared nervous, and was pacing and grabbing a backpack without making eye contact. The Officer asked the defendant if he was okay. The defendant replied that he was fine, and had pulled off the highway to smoke. In response to the Officer's questions, the defendant said that he did not have any identification or a weapon on his person, but that he had a knife in his backpack. The Officer then performed a <u>Terry</u> Frisk for officer safety, and asked for consent to search the defendant's backpack. At this point, the backpack was placed on the motorcycle roughly 45 feet away from the encounter between the Officer and the defendant. The

defendant consented.

In the meantime, a second officer arrived at the scene and a search of defendant's name indicated that he had a valid Virginia driver's license and no outstanding warrants. A search of the backpack at roughly 9:30 a.m. revealed a substance later confirmed to be marijuana. The defendant was arrested and on October 25, 2011 he was charged with possession of marijuana in violation of 21 U.S.C. § 844.

II. DISCUSSION

A. **The Parties' Arguments**

In the defendant's Motion to Suppress, he argues that Officer Ezzell's search was an illegal seizure because the Officer lacked a reasonable, articulable suspicion that the defendant was committing a crime. (D's Mot. Suppress at 5-8.) As a result and despite the defendant's consent, he argues that the evidence obtained from the search of his backpack is "fruit of the poisonous tree" and should not be admissible. (D's Mem. Supp. Mot. Suppress at 3-5.) The government, on the other hand, argues that the Officer's search was justified by reasonable suspicion of a traffic violation – namely, the defendant's inability to produce identification as required by Virginia Code 46.2-104. (Gov's Opp. to Mot. Suppress at 2.) The government also argues that the defendant's demeanor, admission to having a weapon, and location on a military installation constitute

3

reasonable, articulable suspicion so as to justify the search of his backpack.  (Id.)

**B.    Legal Standard**

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  U.S. Const. amend. IV.  Not every encounter between the police and the public amounts to a search or seizure under the Fourth Amendment, however.  Courts have identified three distinct types of police-citizen encounters: "'(1) arrest, which must be supported by probable cause; (2) brief investigatory stops, which must be supported by reasonable articulable suspicion; and (3) brief encounters between police and citizens, which require no objective justification.'"  United States v. Brown, 401 F.3d 588, 592 (4th Cir. 2005)(quoting United States v. Weaver, 282 F.3d 302, 309 (4th Cir. 2002)).

When determining at which point a brief encounter or exchange becomes a seizure governed by the Fourth Amendment, courts ask whether a reasonable person would feel free to disregard the police and leave.  Id. at 593.  "'A seizure does not occur simply because a police officer approaches an individual and asks a few questions.  So long as a reasonable person would feel free 'to disregard the police and go about his

4

business,' the encounter is consensual and no reasonable suspicion is required.'" Id. (quoting Florida v. Bostick, 501 U.S. 429, 434 (1991)). This determination requires a fact-intensive inquiry that considers "'the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.'" Id. (quoting United States v. Mendenhall, 446 U.S. 544, 554 (1980)). Generally speaking, "a seizure 'requires either physical force ... or, where that is absent, submission to the assertion of authority.'" Id. at 594 (quoting California v. Hodari D., 499 U.S. 621, 626 (1991)). An officer's subjective and uncommunicated intention to detain a suspect is irrelevant in determining whether the suspect reasonably believed he was free to leave. Id. at 593-94 (citing Mendenhall, 446 U.S. at 554, n.6).

### C. Analysis

The Court finds that the Officer's initial encounter with defendant was not a stop subject to the protections of the Fourth Amendment. Officer Ezzell's approach of defendant's motorcycle was a mere police-citizen encounter that required no justification. The Court accepts the Officer's testimony that lost or troubled motorists are often in need of police

5

assistance at the location where defendant was pulled over.

Further, the circumstances surrounding the encounter between defendant and the Officer do not indicate that defendant reasonably believed he was not free to leave. Although Officer Ezzell testified at the hearing that the defendant was not free to leave when he was unable to produce a valid form of identification, this subjective intention was never communicated to defendant and is therefore irrelevant to the Court's determination. See Brown, 401 F.3d at 593-94. There were, at most, two officers present on the scene, one of whom arrived mid-way through this brief encounter. Defendant makes no allegations of the Officer using physical force, brandishing his weapon, or speaking in a forceful or threatening tone. These factors support a finding that the defendant did not reasonably feel detained. It was in this context that he consented to a search of his backpack. Accordingly, this police-citizen encounter did not develop into a seizure for the purposes of the Fourth Amendment until after defendant gave the Officer consent to search his backpack.

Even if this had been an unconsented search and seizure under the Fourth Amendment, the undersigned finds that the Officer's search of defendant's backpack is justified by a reasonable and articulable suspicion that criminal activity was afoot. Based on defendant's appearance, the Officer knew that

6

defendant was not in the military, yet he was on a closed military installation.  The defendant also aggressively approached the Officer's police car, had a nervous demeanor, and kept clutching at his backpack.  He admitted to having a weapon in his backpack and was unable to produce identification in violation of the Virginia Code.  These factors, combined with the Officer's training and experience as a law enforcement officer, support a finding that the Officer had a reasonable articulable suspicion of criminal activity so as to justify the search.

### III. CONCLUSION

For the reasons stated above, the Court DENIES defendant's motion to suppress all evidence obtained as a result of the search of defendant that occurred on August 20, 2011.  An appropriate Order will issue.

ENTERED this 18th day of May, 2012.

                                              /s/
                                  THERESA CARROLL BUCHANAN
                                  UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia